UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAVIS DICKERSON,

        Plaintiff,

       v.                                             Case No. 23-cv-599-bhl

MILWAUKEE COUNTY, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Travis Dickerson, who is currently in custody at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Dickerson's motion for leave to proceed without prepayment of the filing fee and to screen the complaint. Dkt. Nos. 1-2.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Dickerson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Dickerson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $6.67. Accordingly, the Court will grant Dickerson's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

At the relevant time, Dickerson was an inmate at the Milwaukee House of Corrections (HOC) who transferred to the Milwaukee County Jail (MCJ). Dkt. No. 1 at 2. Defendants are Milwaukee County, Capt. Sarah Moore, Clerk Perez, and the Wisconsin County Mutual Insurance Corporation. *Id*. at 1.

On February 16, 2022, Dickerson transferred from the HOC to the MCJ. *Id*. at 2. During that process, Milwaukee County allegedly lost a lot of Dickerson's property. *Id*. at 2, 4 & 7-8. On March 2, 2022, Dickerson attempted to file a notice of claim against Milwaukee County in connection with his lost property. *Id*. at 3. Shortly thereafter, Moore and Perez began confiscating his legal mail. *Id*. In March 2022, Moore and Perez confiscated Dickerson's incoming and outgoing legal mail to the Wisconsin Bar Association in connection with an attorney referral he needed for his federal lawsuit. *Id*. In May 2022, Moore and Perez confiscated legal mail in connection with a massive tort lawsuit against Milwaukee County and the Wisconsin County Mutual Insurance Company in state court. *Id*. at 3-4. And, in December 2022, Moore and Perez confiscated incoming and outgoing legal mail from the Eastern District of Wisconsin. *Id*. at 5. Dickerson discovered these confiscations when he asked for his mail log. *Id*. at 3. For relief, Dickerson seeks monetary damages. *Id*. at 6.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Dickerson asks to proceed with a Fourteenth Amendment deprivation of property claim against Milwaukee County and Wisconsin County Mutual Insurance Corporation; and a First Amendment denial of legal mail claim against Moore and Perez.

The Court will dismiss the Fourteenth Amendment deprivation of property claim. Dickerson has already attempted to raise this claim in two prior lawsuits. *See Dickerson v. Milwaukee County, et al.*, case no. 22-cv-500-bhl; *see also Dickerson v. Milwaukee County, et al.*, case no. 22-cv-1432-bhl. In both prior lawsuits, the Court dismissed the claim because Dickerson has adequate remedies at state law. *See id*. The Court reiterates that Dickerson does not have a Fourteenth Amendment deprivation of property claim based on allegations that his property was lost or stolen while he was in state custody. Dickerson alleges what are legally "random and unauthorized" deprivations of property, which must be remedied in state court. *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990); *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 383 (7th Cir. 1988). Accordingly, the Court will dismiss his claims against Milwaukee County and Wisconsin County Mutual Insurance Corporation.

Under the First Amendment, inmates have a right to send and receive mail. *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005) (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999)). Prison regulations that restrict the right to send and receive mail are valid if they reasonably relate to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987). To determine reasonableness, the Court considers whether there is a valid, rational connection between the prison's objective and the regulation; whether alternative means of exercising the right are available; whether accommodating the asserted right unduly impacts the

prison's resources; and whether obvious, easy alternatives exist to accommodate the prisoner's rights. *Id*.

An inmate has even greater rights with respect to *legal* mail. *See Guajardo-Palma v. Martinson*, 622 F.3d 801 (7th Cir. 2010). The law recognizes stronger protections for legal mail to protect an inmate's right of access to the courts and the right to communicate with attorneys. *Id*. at 803-806. Accordingly, officials may inspect legal mail for contraband, but they must do so in the presence of the inmate. *Id*. This carefully balanced approach protects the institution's legitimate penological interest in stopping contraband against a prisoner's Constitutional rights to access the courts and communicate with counsel. *Id*.

Dickerson alleges that Moore and Perez randomly confiscated his legal mail, instead of inspecting it in his presence, on at least three different occasions in 2022. He states that this has hindered his ability to prosecute his civil cases in both federal and state court and has hindered his ability to communicate with a lawyer. Based on these allegations, the Court can reasonably infer that Moore and Perez may be unnecessarily interfering with Dickerson's First Amendment rights. Thus, the Court will allow Dickerson to proceed on a First Amendment claim against Moore and Perez in connection with the confiscation of his legal mail at the Milwaukee County Jail in 2022.[1]

## CONCLUSION

Dickerson may proceed on a First Amendment claim against Moore and Perez in connection with confiscation of his legal mail at the Milwaukee County Jail in 2022. His other claims are dismissed.

---

[1] The Court notes that Dickerson is already proceeding on a *Monell* claim against Milwaukee County, in a different lawsuit pending before the Court, in connection with allegations of a "custom or policy" of denying his legal mail at the Milwaukee County Jail. *See Dickerson v. Milwaukee County, et al.*, case no. 22-cv-1432-bhl. Therefore, although Dickerson has named Milwaukee County as a defendant in this lawsuit, a *Monell* claim will not be addressed in this lawsuit. Following a responsive pleading, the parties should contemplate consolidating the cases to conserve resources and promote judicial efficiency.

**IT IS THEREFORE ORDERED** that Dickerson's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Milwaukee County and the Wisconsin County Mutual Insurance Corporation are **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of the complaint and this order are being electronically sent today to Milwaukee County for service on Moore and Perez.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Moore and Perez shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Dickerson shall collect from his institution trust account the **$343.33** balance of the filing fee by collecting monthly payments from Dickerson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Dickerson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Dickerson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dickerson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on September 5, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

7

Case 2:23-cv-00599-BHL   Filed 09/05/23   Page 7 of 7   Document 16